**UNITED NATIONAL BANK, A National Banking Association, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR; Bruce Babbitt, Secretary of the Department of the Interior; Bureau of Indian Affairs; and Franklin Keel, Eastern Area Director, Defendants.**

**No. 97–1912–Civ.**

United States District Court, S.D. Florida.

Jan. 30, 1998.

Neil P. Linden, Stacy E. Bercun, Rollnick & Linden, Coral Gables, FL, for plaintiffs.

Maureen Dolan, Assistant United States Attorney, Miami, FL, for defendants.

## ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Plaintiff's Motion for Summary Judgment filed October 16, 1997 and the Defendants' Motion for Summary Judgment, filed October 27, 1997.

## I. DISCUSSION

The United States Department of the Interior, Bruce Babbitt, Secretary of the Department of the Interior, the Bureau of Indian Affairs, and Franklin Keel, Eastern Area Director (collectively the "Defendants") move for entry of summary judgment in their favor pursuant to Fed. R.Civ.P. 56. Plaintiff, United National Bank ("United") seeks judicial review of a final agency decision under the Administrative Procedure Act, 5 U.S.C. § 706.

### A. The Factual Background

On September 30, 1994, the Bureau of Indian Affairs approved United's request for a 90 per cent guaranty on a $300,000.00 loan to T & M Builders, Inc. d/b/a/ Broken Arrow Construction ("T & M"). The loan was to provide funds for T & M to begin work on three new schools pursuant to a drywall contract with the Broward County School Board. In a memorandum dated September 9, 1994, United stated that T & M was a first time borrower.

After United issued the $300,000.00 loan, problems developed involving general contractor holdbacks to T & M and other subcontractors. T & M requested an additional $150,000.00 loan in order to complete all three drywall projects. In a memorandum dated February 13, 1995 to the Bureau of Indian Affairs, United disclosed that T & M had outstanding liabilities as of December 31, 1994 as follows:

$17,677.94 in payroll taxes, $4,113.25 in unemployment taxes, $9,837.50 in accrued interest, and $25,902.00 in worker's compensation obligations.

On March 31, 1995, United requested that the Bureau of Indian Affairs guarantee the second loan to T & M in the amount of $150,000.00. By July of 1995, T & M owed $130,000.00 in unemployment taxes, $138,627.00 in worker's compensation obligations and $190,475.00 in payroll taxes. On July 12, 1995, United made a written demand to the Bureau of Indian Affairs for payment of the 90 per cent guaranty on the $300,000.00 and $150,000.00 loans to T & M. On July 14, 1995, United notified T & M that both loans were in default. On July 17, 1995, T & M filed a chapter 11 bankruptcy proceeding.

On March 18, 1996, the Bureau of Indian Affairs notified United that it would honor the loan guaranty for the $300,000.00 loan, but that pursuant to 25 C.F.R. § 103.49(c) would not honor the guaranty for the $150,000.00. The Bureau of Indian Affairs found that United had been negligent in its loan application and verification process relating to T & M's tax obligations at the time that the second loan was issued. On April 14, 1997, the Interior Board of Indian Appeals upheld the decision of the Bureau of Indian Affairs. On June 19, 1997, Plaintiff filed a Complaint in this Court for declaratory and injunctive relief.

### B. Standard of Review

Summary judgment may be granted when the evidence in the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden of production. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond with affidavits or other evidence that establishes the existence of a genuine issue of material fact. *See Adickes*, 398 U.S. at 160, 90 S.Ct. at 1609–10.

In making this determination, the Court must decide which issues are material. The Supreme Court has stated that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Court must also determine whether the dispute about a material fact is indeed genuine. In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Marine Coatings of Alabama, Inc. v. United States,* 932 F.2d 1370, 1375 (11th Cir.1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party).

Finally, a plaintiff cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510. Nor will a summary judgment motion be defeated merely on the basis of a "metaphysical doubt" about the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), "or on the basis of conjecture or surmise." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2nd Cir.1991), *cert. den.,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). This is especially true for those issues on which the non-moving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### C. Statutory Construction

In March of 1974, the Congress enacted the Indian Financing Act of 1974 (the "Financing Act") 25 U.S.C. § 1451 *et seq.* The Financing Act was intended to provide access to private money sources to any organization of Indians that met with the approval of the Secretary. 25 U.S.C. § 1481. In order to encourage Banks to loan money to organizations that are owned or controlled by Indians, Congress authorized the Secretary to: (a) guarantee up to 90 per cent of the unpaid principal and interest due on any loan made to approved organizations of Indians and individual Indians; and (b) in lieu of such guaranty, to insure loans under an agreement approved by the Secretary whereby the lender will be reimbursed for losses not to exceed 5 per cent of the aggregate of the loans made by it, but not to exceed 90 per cent of the loss on any one loan. *Id.*

Plaintiffs contend that Section 1493 is the only provision within the subchapter that outlines the conditions for loan refusal. Section 1493 provides in pertinent part:

Whenever the Secretary finds that any lender or holder of a guaranty certificate fails to maintain adequate accounting records, or to demonstrate proper ability to service adequately loans guaranteed or insured, or to exercise proper credit judgment, or has willfully or negligent engaged in practices otherwise detrimental to the interests of a borrower or of the United States, he may refuse, either temporarily or permanently, to guarantee or insure any further loans made by such lender or holder, and may bar such lender or holder from acquiring additional loans guaranteed or insured hereunder: Provided, That the Secretary shall not refuse to pay a valid guarantee or insurance claim on loans previously made in good faith.

■ The Defendants refused to honor the guarantee for the $150,000.00 loan because 25 C.F.R. § 103.49(c) allows the Bureau of Indian Affairs to refuse to honor a guarantee if the lender is negligent. United contends that the regulation at issue in this case, 25 C.F.R. § 103.49(c), as interpreted by the Bureau of Indian affairs is invalid because it is in conflict with the

statute, 25 U.S.C. § 1493. It is well settled that a regulation that is not in harmony with the statute is void ab initio and cannot be relied upon by the agency. *United States v. Larionoff,* 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977); *Legal Environmental Assistance Foundation, Inc. v. United States Environmental Protection Agency,* 118 F.3d 1467, 1472 (11th Cir.1997). In essence, United contends that the Bureau of Indian Affairs cannot deny liability under the guarantee even if United was negligent because the loan was made in good faith.

The Bureau of Indian Affairs contends that 28 U.S.C. § 1494 provides that no other provision in the Indian Financing Act shall preclude the Secretary of the Interior from promulgating regulations that establish defenses to the amount payable on the guaranty. The Bureau of Indian Affairs contends that § 1494 takes precedent over § 1493. The regulation, 25 C.F.R. § 103.49(c), provides in pertinent part:

> There shall be no liability on the part of the United States to reimburse a lender on a loan for that amount of the guaranteed loss caused by (1) the lender's negligence in checking and verifying signatures, information in the loan application, supporting papers and documents; (2) the lender's furnishing false information to induce the issuance of a guaranty certificate by the commissioner; or (3) the lender's willful or negligent action which permitted a fraud, forgery or misrepresentation ...

The Bureau of Indian Affairs contends that 25 U.S.C. § 1494 gives the Secretary authority to establish, by regulations, defenses to the amount payable on a guaranty. Therefore, the Bureau of Indian Affairs concludes that 25 C.F.R. § 103.49(c) does not conflict with 25 U.S.C. § 1494 because it specifically provides that the Secretary may establish by regulation defenses such as negligence.

■ In reviewing an agency's interpretation of a statute, this Court will apply the analysis set out by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Resources Defense,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Initially, the Court must determine if Congress has "directly spoken to the precise question at issue." *Id.* If this Court finds that the intent of Congress is clear, then additional statutory analysis is not required because the Court as well as the agency "must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43, 104 S.Ct. at 2781. If this Court finds the Congressional intent is ambiguous, then the Court should defer to the agency's interpretation if it is "based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782.

■ In order to determine the plain meaning of the Financing Act, this Court must analyze the "particular statutory language at issue, as well as the language and design of the statute as a whole." *Legal Environmental Assistance Foundation, Inc.,* 118 F.3d at 1472 (*citing K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313 (1988)). Section 1494 provides in pertinent part as follows:

> [N]othing in this section shall preclude the Secretary from establishing, as against the original lender, defenses based on fraud or material misrepresentation or bar him from establishing, by regulations in force at the date of such issuance or disbursement, whichever is earlier, partial defenses to the amount payable on the guaranty or insurance.

The plain language in § 1494 is clear that Congress intended to authorize the Secretary to establish regulations that would include defenses to payment on a guaranty. The regulation at issue, 25 C.F.R. § 103.49(c)(3), provides that a guaranty may be voided as a result of the lender's willful or negligent action if such action permitted a misrepresentation. Accordingly, the Bureau of Indian Affairs

may assert the defense of negligence to void a guaranty.

The Plaintiff contends that § 1493 is the only provision within the subchapter that outlines conditions for loan refusal. Section 1493 states that the Secretary shall not refuse to pay a valid guaranty or insurance claim on loans previously made in good faith. Plaintiff argues that this language conflicts with 25 C.F.R. § 103.49(c)(3), which provides that a guaranty may be voided as a result of the lender's willful or negligent action. Plaintiff concludes that the Bureau may not refuse to honor its guaranty because 25 C.F.R. § 103.49(c)(3) is invalid due to the fact that it conflicts with § 1493 and because United made the loan in good faith.

United relies heavily on the legislative history to support its contention that the Bureau of Indian Affairs must honor its guaranty. United directs the Court's attention to the House Report accompanying the bill that eventually became the Financing Act that states: Section 213 [25 U.S.C. § 1493] provides that the Secretary may not refuse to honor guaranteed or insured loans already approved. H.R.Rep. No. 93–907, 93rd Cong., 2d Sess. (1974) *reprinted in* 1974 U.S.C.C.A.N. 2873, 2878. Section 119 [25 U.S.C. § 1493] authorizes the Secretary to refuse to guarantee further loans by a lender that has failed to operate in accordance with accepted credit principles. S.Rep. No. 93–348, at 18 (1974). This section was not intended to preclude the Secretary from establishing defenses as to the amount payable on the guarantee based on regulations. Accordingly, 25 C.F.R. § 103.49(c)(3) is entirely consistent with 25 U.S.C. § 1494. Contrary to United's position, the legislative history supports the plain meaning of the statute. Had United continued to read either the legislative history, or the statute, United would have discovered the language of § 1494 that clearly authorizes the Secretary to establish defenses. Thus, § 1493 and 25 C.F.R. § 103.49(c)(3) are only in conflict if one ignores § 1494.

United's request that this Court construe § 1493 in isolation and ignore the existence of § 1494 is erroneous.

### CONCLUSION

The Court finds that 25 C.F.R. § 103.49(c) is a valid regulation because it is not in conflict with 25 U.S.C. § 1451 *et seq.* In light of the above analysis, it is

**ORDERED AND ADJUDGED** that pursuant to Fed.R.Civ.P. 56 the Defendants' Motion for Summary Judgment is hereby GRANTED. It is further,

**ORDERED AND ADJUDGED** that Plaintiff's, United, Motion for Summary Judgment is hereby DENIED. It is further,

**ORDERED AND ADJUDGED** that the Interior Board of Indian Appeals' Order Affirming Decision 30 IBIA 272 (April 14, 1997) is hereby AFFIRMED IN ITS ENTIRETY. It is further

**ORDERED AND ADJUDGED** that the case is hereby CLOSED. It is further,

**ORDERED AND ADJUDGED** that all pending motions are DENIED AS MOOT.

**DONE AND ORDERED.**